IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DURAND MAYS, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 08-1801 |
| PAUL RIVERA, JR. and | : | |
| VIGAR EXPRESS LLC | : | |

**ORDER-MEMORANDUM**

AND NOW, this   25th   day of July, 2008, the "Motion to Remand" (docket no. 3) filed by plaintiffs is granted, and this action is remanded to the Court of Common Pleas of Philadelphia.

This is a personal injury action.  On April 7, 2006, plaintiffs were injured in a multi-car accident.[1]  Four of them were occupants in a Chevrolet Impala which, while stopped in traffic, was rear-ended by a vehicle operated by defendant Rivera and owned by defendant Vigar Express.  The impact forced the Impala into the car in front of it, which in turn struck the Ford Windstar in which the remaining four plaintiffs were passengers.  Complaint, ¶¶ 12-17.  Plaintiffs, all eight of whom were injured, filed this action in the Philadelphia Court of Common Pleas against Rivera and Vigar, who removed the case to this court, alleging diversity jurisdiction.  Plaintiffs move for remand, asserting that the claims do not satisfy the amount in controversy requirement.

"Removal statutes 'are to be strictly construed against removal and all doubts should

---

[1] Plaintiffs are Durand Mays, Tamika Bates, Robin Whyte, Cynthia Whyte, Errol Webley, Sonetha Webley, Britt Webley, and Brittany Webley.

be resolved in favor of remand.'" Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (citations omitted).

As to the amount in controversy, the Notice of Removal states: "Due to the serious allegations in the Complaint, including that Plaintiffs sustained assorted injuries including but not limited to cervical and lumbar disc herniations and related trauma, with collective ad damnum clauses in excess of four hundred thousand ($400,000) dollars, it is believed and therefore averred that the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs." Notice of Removal, 11 (emphasis added). Except for the ad damnum clauses, the complaint does not specify damages in a precise amount, and in the motion to remand, plaintiffs contend that no one plaintiff can alone satisfy the amount in controversy requirement.

As a matter of law, "claims of several plaintiffs, if they are separate and distinct, cannot be aggregated for purposes of determining the amount in controversy . . . . Only claims, whether related or unrelated, of a single plaintiff against a single defendant may be aggregated." Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002) (citations omitted). Moreover, "[i]t is the defendant's burden to demonstrate, by a preponderance of the evidence, facts upon which the district court may find that the amount [in controversy] meets or exceeds $75,000." Irvin v. Prime, 2006 WL 1073065, *1 (W.D. Pa., Apr. 21, 2006), citing Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392, 397-98 (3d Cir. 2004). They must do so to a "legal certainty." Irvin, at *2, citing St. Paul Mercury Indem. Co. v.

Red Cab Co., 303 U.S. 283, 289 (1938).  Here, defendants have not done so, urging nothing more than the aggregated ad damnum clauses in support of their position.

Accordingly, this court lacks subject matter jurisdiction and the action must be remanded to the Court of Common Pleas of Philadelphia.


BY THE COURT:


 /s/   Edmund V. Ludwig
Edmund V. Ludwig, J.